UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS CAMPOS,

          Petitioner,

v.

          Case No. 2:24-cv-13002

          Hon. Mark A. Goldsmith

FREDEANE ARTIS,

          Respondent.
_____/

**OPINION AND ORDER (i) DENYING IFP APPLICATION AS MOOT (Dkt. 4), (ii) GRANTING MOTION TO STAY (Dkt. 2), (iii) DENYING AS MOOT MOTION FOR RELIEF (Dkt. 8), (iv) HOLDING IN ABEYANCE PETITION FOR A WRIT OF HABEAS CORPUS, AND (v) ADMINISTRATIVELY CLOSING CASE**

Petitioner Louis Campos, an inmate confined at the Thumb Correctional Facility in Lapeer, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pet. (Dkt. 1). Plaintiff sought leave to proceed in forma pauperis (IFP) (Dkt. 7). Then, he paid the $5.00 filing fee. See 12/9/24 Docket Entry. Accordingly, his IFP application is denied as moot.

In his pro se petition, Petitioner challenges his state convictions of criminal sexual conduct in the first degree (CSC-I), Mich. Comp. Laws § 750.520(b)(2)(b), and criminal sexual conduct in the second degree (CSC-II), Mich. Comp. Laws § 750.520(c)(1)(b). Petitioner simultaneously filed a motion to hold the petition in abeyance to permit him to present additional claims to state courts that were not previously exhausted and were not included in his habeas petition before this Court. Mot. for stay (Dkt. 2). More recently, Petitioner filed a document that he entitled as a motion for relief from judgment, in which he seeks to have the Court order Respondent to respond to his motion and seeks the relief sought in his already-filed motion for stay. (Dkt. 8).

For the reasons set forth below, the Court grants Petitioner's motion to hold the petition in

abeyance (Dkt. 2) and denies as moot the "motion for relief" (Dkt. 8). The Court will stay the proceedings under the terms outlined in this Order to permit Petitioner to return to the state courts to exhaust his additional claims. The Court will also administratively close the case.

## I.   BACKGROUND

A jury convicted Petitioner in the Gogebic County Circuit Court. Petitioner's convictions and sentence were affirmed on appeal. People v. Campos, No. 359004, 2024 WL 132905, at *1 (Mich. Ct. App. Jan. 11, 2024); People v. Campos, 6 N.W.3d 390 (Mich. 2024). On November 13, 2024, Petitioner filed a petition for writ of habeas corpus. Pet.

Petitioner seeks habeas relief on the claims that he raised in the state courts on his direct appeal. Id. He raises claims concerning (1) the trial court's erroneous admission of expert witness testimony, (2) the trial court's erroneous admission of Petitioner's jail calls, (3) the trial court's denial of Petitioner's motion for mistrial, (4) prosecutorial misconduct, (5) sentencing error. See id. Petitioner simultaneously filed a motion to stay the proceedings and hold the petition in abeyance so that he can return to the state courts and exhaust additional claims concerning ineffective assistance of trial and appellate counsel.

## II.   LEGAL STANDARD

A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in state courts. See Nowaczyk v. Warden, N.H. State Prison, 299 F.3d 69, 77–79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay" where a habeas petitioner seeks to exhaust other claims in state court); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (confirming that district courts may "stay fully exhausted federal petitions pending exhaustion of other claims"); see also Bowling v. Haeberline, 246 F. App'x 303, 306 (6th Cir. 2007) (explaining that a habeas court may delay deciding a habeas

petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting Nowaczyk, 299 F.3d at 83); Thomas v. Stoddard, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).

Although a district court may dismiss a fully exhausted habeas petition where unexhausted claims are pending in state court, to justify departing from the "heavy obligation to exercise jurisdiction, there must be a compelling reason to prefer a dismissal over a stay." Nowaczyk, 299 F.3d at 82 (citation omitted); see also Bowling, 246 F. App'x at 306 (holding that district court erred in dismissing petition containing only exhausted claims where the petitioner was litigating proceedings in state court because it should have retained jurisdiction).

### III.     DISCUSSION

The Court will grant Petitioner's motion to hold the petition in abeyance (Dkt. 4) while he returns to the state courts to litigate additional unexhausted claims. If the Court were to address the petition and deny relief before the state courts ruled on Petitioner's unexhausted claims, Petitioner "would have to clear the high hurdle of filing a second habeas petition" to obtain habeas relief for the state courts' subsequent adjudication of those claims. Thomas, 89 F. Supp. 3d at 942 (citing 28 U.S.C.§ 2244(b)(2)). Moreover, "[i]f this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." Id.

Other considerations also favor granting a stay. This Court cannot presently determine whether Petitioner's unexhausted claims have merit. Id. at 943. Accordingly, if the state courts deny post-conviction relief, this Court would benefit from the state courts' adjudication of these unexhausted claims in determining whether to permit Petitioner to amend his habeas petition to add these claims. Id. Finally, while this Court sees no prejudice to Respondent in staying this

3

case, Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts." Id. And as previously noted, "if this Court were to rule before the state courts, [Petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his currently unexhausted claims. Id.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines v. Weber, 544 U.S. 269, 278 (2005). To ensure there are no delays in allowing Petitioner to exhaust state court claims, this Court will limit the time within which Petitioner must proceed with his state court post-conviction proceedings. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).

The Court will hold the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner initiating his state post-conviction remedies within 90 days of receiving this Court's Order and returning to federal court within 90 days of completing the exhaustion of state court post-conviction remedies. See Hargrove v. Brigano, 300 F.3d 717, 721 (6th Cir. 2002); Geeter v. Bouchard, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

To properly exhaust these claims in the state courts, Petitioner must first file a motion for relief from judgment with the Gogebic County Circuit Court under Michigan Court Rule 6.500. See Wagner v. Smith, 581 F.3d 410, 419 (6th Cir. 2009); Mikko v. Davis, 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). If the state trial court denies Petitioner's motion for relief from judgment, "he may apply for leave to appeal in the Michigan Court of Appeals and in the Michigan Supreme Court." Id. Indeed, to properly exhaust his state law claims, Petitioner must appeal the denial of the post-conviction motion for relief from judgment to the Michigan Court of Appeals and the

4

Michigan Supreme Court. See Mohn v. Bock, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002) ("[S]tate prisoners in Michigan must present their claims to the Michigan Court of Appeals and the Michigan Supreme Court before presenting them in a federal habeas corpus petition.").

Finally, while the case is pending resolution in State court, the Court will administratively close the case because the Court anticipates the case will lie dormant for many months while Petitioner pursues his claims at each level of Michigan's criminal justice system. "Administrative closures are a tool of docket management. Existing outside the Federal Rules of Civil Procedure, administrative closures primarily serve as a method to shelve pending, but dormant, cases." Rodriguez v. Hirshberg Acceptance Corp., 62 F.4th 270, 274 (6th Cir. 2023) (punctuation altered). Importantly, "the closing has no effect other than to remove a case from the district court's active docket and permit the transfer of records associated with the case to an appropriate storage repository." Id. (punctuation altered). Because an administrative closure has no effect on the disposition of the case, "an administrative closure is not tantamount to a formal dismissal of a case," which is appealable. Id.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Petitioner's motion to stay and hold his habeas petition in abeyance. (Dkt. 2). It denies as moot the item titled "motion for relief from judgment." (Dkt. 8). Petitioner must file a motion for relief from judgment in state court within 90 days of entry of this Order and then immediately file a notice with this Court that includes proof of the state-court filing and a copy of the filing itself.

If Petitioner fails to timely notify the Court that he has sought state-court post-conviction relief, the Court will proceed to adjudicate the petition as it stands. Within 90 days after the conclusion of the state-court post-conviction proceedings, and Petitioner has exhausted his

5

remedies in the Michigan Court of Appeals and Michigan Supreme Court, Petitioner may move to amend his habeas petition to add his new claims.  Otherwise, Petitioner must inform the Court that he will proceed with the petition as is.

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only.  Nothing in this Order shall be considered a disposition of Petitioner's petition.  Thomas, 89 F. Supp. 3d at 943–44.

**SO ORDERED.**

Dated: August 6, 2025                              s/Mark A. Goldsmith
Detroit, Michigan                                  MARK A. GOLDSMITH
                                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 6, 2025.

                                                   s/Joseph Heacox
                                                   JOSEPH HEACOX
                                                   Case Manager